**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HOME DEPOT U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> E.I. DUPONT DE NEMOURS AND COMPANY, et al., <br><br> Defendants. | Case No. 16-cv-04865-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND** <br><br> [Re: ECF 57] |

Plaintiff Home Depot U.S.A, Inc. ("Home Depot") filed this indirect purchaser action against several suppliers of titanium dioxide: E.I. Dupont De Nemours and Company, Huntsman International, LLC, Kronos Worldwide, Inc., and Millennium Inorganic Chemicals, Inc.[1] Home Depot alleges that Defendants conspired to and did fix the price of titanium dioxide and that Home Depot was injured by that price fixing when it purchased titanium dioxide in Architectural Coatings – a category of products that includes paint – for its own use and for resale. Home Depot alleges a single substantive claim for violation of California's Cartwright Act, California Business & Professions Code §§ 16700 et seq., and a claim for injunctive and equitable relief.

On May 4, 2017, the Court heard Defendants' motion to dismiss the complaint and granted that motion on the record, with leave to amend on or before June 5, 2017. The Court explained its reasoning in detail from the bench and indicated that it would issue only a brief written order memorializing its ruling. Accordingly, IT IS HEREBY ORDERED that:

---

[1] Huntsman International, LLC has been dismissed from the case pursuant to a stipulated order issued by the Court on May 31, 2017. *See* Order of Dismissal of Huntsman International, LLC, ECF 68.

1. (1) Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.
2. (2) Home Depot shall amend its Cartwright Act claim to allege with more specificity facts showing that application of the Cartwright Act in this case is consistent with the Due Process Clause of the Fourteenth Amendment under the standards articulated in *AT&T Mobility LLC v. AU Optronics Corp*, 707 F.3d 1106 (9th Cir. 2013). In particular, Home Depot shall include any additional facts regarding Defendants' alleged conspiracy, Defendants' actions in directing titanium dioxide into California, and Home Depot's purchase of Architectural Coatings containing titanium dioxide in California.
3. (3) Home Depot shall amend its Cartwright Act claim to allege with more specificity facts relevant to application of the four-year statute of limitations. *See* Cal. Bus. & Prof. Code § 16750.1. In particular, Home Depot shall allege any additional facts relating to its theories of fraudulent concealment (including its asserted discovery date), equitable tolling, and continuing violation.
4. (4) Leave to amend is limited to the Cartwright Act claim; Home Depot may not add new claims or parties without first obtaining leave of the Court.
5. (5) Consistent with the oral ruling issued at the hearing, any amended pleading shall be filed on or before June 5, 2017.

Dated: June 2, 2017

_____
BETH LABSON FREEMAN
United States District Judge