# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| HOME DEPOT U.S.A., INC, <br><br>Plaintiff, <br><br>v. <br><br>E.I. DUPONT DE NEMOURS & COMPANY; KRONOS WORLDWIDE, INC.; AND MILLENNIUM INORGANIC CHEMICALS, INC., n/k/a CRISTAL USA, INC., <br><br>Defendants. | Case No. 16-cv-04865-BLF <br><br>**ORDER DENYING DEFENDANTS' MOTION TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL** <br><br>[Re: ECF 150] |

Plaintiff Home Depot U.S.A., Inc. ("Home Depot") claims that Defendants E.I. du Pont de Nemours and Co. ("DuPont"), Cristal USA, Inc. ("Cristal"), Huntsman International, LLC ("Huntsman"), and Kronos Worldwide, Inc. ("Kronos") participated in a conspiracy to fix the price of titanium dioxide. This is one of several antitrust actions filed throughout the country based on the alleged price-fixing conspiracy. All of the actions share substantially the same record.

After the Third Circuit affirmed summary judgment for the defendants in a published opinion, *Valspar Corp. v. E.I. Du Pont de Nemours and Co.*, 873 F.3d 185 (3d Cir. 2017), Defendants here requested leave to file an early motion for summary judgment. Defendants asserted that the legal standards applied in *Valspar* were the same as those applied to the Ninth Circuit, and therefore that *Valspar* was dispositive of the present case. This Court granted Defendants' request, after which they filed a motion for summary judgment that presented two issues: whether Third Circuit law as articulated in *Valspar* is identical to Ninth Circuit law, and

1    whether Defendants are entitled to summary judgment under Ninth Circuit law. *See* Defs.'
2    Motion for SJ, ECF 121. This Court answered both questions in the negative in its Order Denying
3    Defendants' Motion for Summary Judgment ("MSJ Order"). *See* MSJ Order, ECF 148.

Defendants DuPont and Cristal ("Moving Parties") have filed a motion to certify for interlocutory appeal the following issue: "What is the appropriate standard by which courts should assess evidence at summary judgment on a § 1 Sherman Act conspiracy claim that is based on circumstantial evidence, where the market is an oligopoly and the alleged scheme is plausible." Motion for Interloc. Appeal at 1, ECF 150. Home Depot has filed opposition and Moving Parties have filed a reply. *See* Opp., ECF 151; Reply, ECF 152. The Court finds that the motion is appropriate for decision without oral argument and therefore VACATES the hearing set for December 19, 2019. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.

## I. LEGAL STANDARD

The governing statute, 28 U.S.C. § 1292(b), "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1025-26 (9th Cir. 1981). The requirements for certification of an appeal under § 1292(b) are: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. at 1026. Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id*.

"Because § 1292(b) is a departure from the final judgment rule, this exception must be construed narrowly." *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019). "[T]he district court should apply the requirements 'strictly' and certify for interlocutory appeal only when 'exceptional circumstances' justify a departure from the well-established policy of postponing appellate review until after a final judgment." *Id*. "The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted." *Id*. "Even where all of these elements are met, district courts have discretion to deny

2

certification for interlocutory appeal." *Flack v. Nutribullet, L.L.C.*, No. 2:18-CV-05829-DDP (SSX), 2019 WL 2568393, at *1 (C.D. Cal. June 21, 2019).

## II. DISCUSSION

Before addressing Moving Parties' showing with respect to these requirements, the Court takes up Home Depot's contention that the motion should be denied as untimely. "Though there is no specified time limit for seeking certification, § 1292(b) provides for an immediate appeal, and a district judge should not grant an inexcusably dilatory request." *Spears v. Washington Mut. Bank FA*, No. C-08-00868 RMW, 2010 WL 54755, at *1 (N.D. Cal. Jan. 8, 2010). In *Spears*, the defendant sought interlocutory review of the district court's denial of its motion to dismiss the plaintiff's RESPA claim eight months after denial of its first motion to dismiss the claim and more than two months after denial of its second motion to dismiss the claim. *Id*. at *1-2. The district court found that the motion for interlocutory review was untimely absent an explanation why the defendant had waited so long to file. *Id*. at *2.

*Spears* is factually distinguishable from the present case, in which Moving Parties filed the present motion approximately one month after the Court issued the sealed version of its MSJ Order and ten days after the Court issued the public version of the order. The pending motion does not affect any deadlines in the case. Under these circumstances, the Court finds the motion for interlocutory appeal to be timely.

The Court next turns to the requirements for an interlocutory appeal under § 1292(b).

### A. Controlling Question of Law

As recited above, Moving Parties seek certification of the following issue: "What is the appropriate standard by which courts should assess evidence at summary judgment on a § 1 Sherman Act conspiracy claim that is based on circumstantial evidence, where the market is an oligopoly and the alleged scheme is plausible." Motion for Interloc. Appeal at 1, ECF 150.

The Court notes that this is not one of the issues that Defendants presented to this Court in its summary judgment motion. *See* Defs.' Motion for SJ, ECF 121. Defendants' Statement of Issues to be Decided on summary judgment identified the following two issues:

1. Whether Ninth Circuit law differs from the legal framework used in *Valspar Corp. v. E. I. du Pont de Nemours & Co.*, 873 F.3d 185 (3d Cir. 2017), which concluded that a record identical to the one in this action failed as a matter of law to support an inference of an agreement among Defendants and their competitors to fix the price of titanium dioxide ("TiO2").

2. Whether the record supports the existence of an agreement to fix the price of TiO2 as a matter of law.

Defs.' Motion for SJ at 1.

To answer the first question, the Court summarized the Third Circuit's standards as articulated in *Valspar* and the Ninth Circuit's standards as articulated in *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, 803 F.3d 1084, 1088 (9th Cir. 2015), and *In re Citric Acid Litig.*, 191 F.3d 1090, 1094 (9th Cir. 1999), among other cases. *See* MSJ Order at 5-7, ECF 148. The Court concluded that those legal standards are not identical. *See id.* at 7-9.

To answer the second question, the Court applied the Ninth Circuit's standards to the facts of the case. *See* MSJ Order at 9-17. Applying settled Ninth Circuit precedent governing motions for summary judgment in the antitrust context, this Court concluded that Home Depot had presented evidence "from which a reasonable trier of fact could conclude that the thirty-one parallel price increase announcements were the product of a price-fixing conspiracy rather than lawful market activity to be expected in an oligopoly." *Id.* at 17-18.

Moving parties now seek to ask the Ninth Circuit a different question, in essence, what the "appropriate standard" is for deciding a motion for summary judgment on facts such as those presented by this case. Although couched as a purely legal question, it appears that Moving Parties simply do not like how this Court applied settled precedent to the facts of this case in deciding the summary judgment motion. "A mixed question of law and fact or the application of law to a particular set of facts by itself is not appropriate for permissive interlocutory review." *Johnson v. Serenity Transportation, Inc.*, No. 15-CV-02004-JSC, 2017 WL 3168491, at *1 (N.D. Cal. July 26, 2017).

However, even if it were to assume that Moving Parties successfully have extracted a pure legal question from the Court's MSJ Order, sufficient to satisfy the first requirement for certification, the Court would not grant the motion for the reasons discussed below.

4

## B. Substantial Ground for Difference of Opinion

Moving Parties argue that the issue upon which they seek certification presents a novel question as to which reasonable jurists could differ. They contend that "[a]lthough the Ninth Circuit has addressed the role of plus factors in oligopoly cases at the Rule 12 stage and has addressed the summary judgment standard for Section 1 conspiracy claims generally, it has not addressed the specific question presented here – the standard to apply at summary judgment when the claim arises in the oligopoly context and the plaintiff's theory is plausible." Motion for Interloc. Appeal at 4. "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

The Court is not persuaded that Moving Parties have identified a novel legal issue. The Ninth Circuit has a well-developed body of case law, discussed in the Court's MSJ Order, addressing the legal standards applicable to motions for summary judgment in antitrust cases. The lack of a case addressing the precise fact pattern presented here does not create a novel issue of law. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Even if the Court were to assume that Moving Parties had identified a controlling question of law, as to which reasonable jurists could differ, the Court would not grant the motion because interlocutory review would not materially advance termination of this litigation.

## C. Materially Advance Termination of Litigation

To satisfy the third requirement under § 1292(b), Moving Parties must show that an immediate appeal may materially advance the ultimate termination of the litigation. *See In re Cement*, 673 F.2d at 1026. Moving Parties argue that "an immediate appeal could obviate any need for further proceedings." Reply at 4, ECF 152.

As Home Depot points out, if the Ninth Circuit were to articulate a summary judgment standard different from the one applied by this Court, the next step likely would be to remand the case and direct this Court to apply the correct legal standard. In the event of remand, this Court

5

certainly would require new briefing and oral argument. Even if the Ninth Circuit were to decide that the *Valspar* standard applies, this Court would not simply adopt the *Valspar* court's determination that summary judgment was appropriate. This Court would have to make an independent determination whether summary judgment is warranted on the facts presented by the parties in their briefing here, and it is far from certain that Moving Parties would prevail on summary judgment in this Court even under the *Valspar* standard. This case therefore does not present the requisite exceptional circumstances in which an immediate appeal "would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026.

Having considered the parties' arguments and the relevant legal authorities, the Court in the exercise of its discretion finds that an interlocutory appeal is not warranted in this case.

## III. ORDER

The motion to certify a question for interlocutory appeal is DENIED.

Dated: November 20, 2019

_____
BETH LABSON FREEMAN
United States District Judge